**In re the MARRIAGE OF Beverly D. ROSALEZ and Louis Rosalez,**

**Upon the Petition of Beverly D. Rosalez, Petitioner–Appellant,**

**And Concerning Louis Rosalez, Respondent–Appellee.**

**No. 87–18.**

Court of Appeals of Iowa.

Oct. 28, 1987.

John W. Gailey and James W. McCarthy of Gailey & McCarthy, Fort Dodge, for petitioner-appellant.

Louis Rosalez, Sr., pro se.

Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

OXBERGER, Chief Judge.

Petitioner Beverly Rosalez appeals the trial court's modification of the parties' 1981 dissolution decree. Beverly claims on appeal: (1) that the trial court should have declined to exercise jurisdiction pursuant to Iowa Code § 598A.8(1); and (2) that the trial court abused its discretion by denying her motion for a continuance. She has not challenged the transfer of custody. We affirm.

The parties' marriage was dissolved on March 9, 1981. The decree gave Beverly custody of Monty, the minor involved in this action. After the divorce Beverly and Monty lived in Gowrie, Iowa, with Louie, Jr., while Louis (Louie) Rosalez, Sr. continued to reside in the marital home south of Fort Dodge.

Beverly, in October, 1984, took Monty and moved to Utah. She left Louie, Jr. (then 16) in Gowrie. In November, 1984,

Louie, Sr. filed an application for modification asking that custody of Monty be transferred to him. Beverly and Monty subsequently returned to Iowa because Beverly's grandson was suffering from a terminal illness. While in Iowa, Monty moved into his father's residence and lived there until August, 1986.

In February, 1986, Beverly moved to Alabama. Louie, Sr. refused to let Monty join his mother. Beverly then moved to Mississippi in June, 1986. In August, 1986, Beverly, with the help of relatives, moved Monty to Mississippi. Louie, Sr. did not discover Monty's disappearance until after it was an accomplished fact.

A trial was held on October 8, 1986, to determine who should have custody of Monty. Beverly was not present at the trial, although she was represented by counsel. Beverly also did not return Monty to Iowa to attend the trial. After trial, the court transferred custody to Louie, Sr.

Our review of the evidence on the jurisdictional issue is de novo. *O'Neal v. O'Neal*, 329 N.W.2d 666, 667 (Iowa 1983); *St. Clair v. Faulkner*, 305 N.W.2d 441, 445 (Iowa 1981). In child custody cases the first and governing consideration of the court is the best interest of the child. Iowa R.App.P. 14(f)(15).

Beverly first contends that the trial court should have declined to exercise jurisdiction pursuant to Iowa Code § 598A.8(1) because of Louie's refusal to allow Monty to move to Mississippi with his mother. She claims Louie's conduct was tantamount to an abduction and dictates refusal of jurisdiction. Beverly also claims Monty's welfare has been jeopardized because the court exercised jurisdiction. We disagree with this contention.

■ Section 598A.8(1) provided:
598A.8 Jurisdiction declined by reason of conduct 1. If the Petitioner for an initial decree has wrongfully taken the child from another State or has engaged in similar reprehensible conduct, the Court may decline to exercise jurisdiction if this is just and proper under the circumstances.

This is a discretionary ground for denying jurisdiction. It is a codification of the "clean hands" doctrine and should not be used if doing so would jeopardize the welfare of the child. *O'Neal v. O'Neal*, 329 N.W.2d 666, 669 (Iowa 1983); *Slidell v. Valentine*, 298 N.W.2d 599, 604–05 (Iowa 1980); *Barcus v. Barcus*, 278 N.W.2d 646, 650 (Iowa 1979).

■ We do not approve of Louie's conduct in refusing to return Monty to his mother, but neither do we approve of Beverly's actions in surreptitiously spiriting Monty away to Utah and, later, Mississippi. It is obvious the parties are using Monty as a club to bludgeon and punish each other. It is also obvious this is having a detrimental impact on Monty. His physical health has been adversely affected because of the conflict between his parents. His educational development is jeopardized by the constant moving from one parent to another and from state to state. Finally, his emotional well-being is being destroyed by the constant parental tug-of-war to which he is being subjected. We hold the court's exercise of jurisdiction was proper because Monty's best interests required it, and this court was the proper court to hear the matter.

We now address Beverly's argument that the trial court abused its discretion by denying her motion to continue and permitting the trial to proceed in her absence. She argues her and Monty's absence impeded the court's ability to make a determination of what was in Monty's best interest. She claims her absence was an excusable and unavoidable casualty resulting from the trial being placed in a "standby" position by the Court Administrator.

■ The record reveals that on September 5, 1986, a trial order was filed. On September 30, 1986, the Court Administrator set the trial for 9:30 a.m. on October 8, 1986. The trial's status was listed as "Leadoff Non-jury." This notice was mailed to the parties on October 3, 1986. Beverly states she does not have a telephone and must correspond with her counsel through the mails. Her counsel stated at trial that he had not received a response to his correspondence. This court was not given the

benefit of a full trial transcript, but it is apparent from the record we have that evidence was presented on this issue. The trial court made a specific finding that Beverly had sufficient notice and that she was fully aware of the trial date since, prior to trial, she discussed the trial date on the phone with her daughter. Furthermore, there has been no evidence presented to this court indicating the trial was changed from "leadoff" to "standby" status by the Court Administrator. Beverly does not indicate when this change took place and there is nothing in the court file to show such a change ever occurred. The trial court had the full benefit of hearing all the evidence and we are unable to conclude the trial court abused its discretion. We, therefore, hold that the trial court did not abuse its discretion in denying the motion for continuance.

We realize the trial court assumes a grave responsibility when determining custody issues and should be presented with evidence from all sides, but we note that both sides presented ample evidence on the custody issue, and we are convinced that nothing improper occurred in this matter. It was time for a court to finally put an end to this custody battle and determine which of these parents, if either, should have custody of Monty. His best interests demanded this much, and he deserved no less.

AFFIRMED.

SNELL, J., takes no part.